# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
**SUMMONS**
*****************************************************************

MURIEL LARKINS,

Plaintiff,

v.

WALMART INC.,

Defendant.

*****************************************************************

**Index No.:**

**Date Filed:**

Plaintiff designates MONROE COUNTY as the place of trial.

The basis of venue is: Accident Location

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: Rochester, New York
October 30, 2024

**JOHN WRIGHT LAW FIRM, PLLC**

By: *John K. Wright*
John K. Wright, Esq.
Attorneys for Plaintiff

16 W. Main Street, 7th Floor
Rochester, NY 14614-1605
(585) 632-2222

Walmart Inc.
c/o Secretary of State
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE
*************************************************************

MURIEL LARKINS,

Plaintiff,

**COMPLAINT**

v.

Index No.

WALMART INC.,

Defendant.

*************************************************************

Plaintiff, Muriel Larkins, by her attorneys, JOHN WRIGHT LAW FIRM, PLLC, for her complaint against defendant, Walmart, allege upon information and belief:

1. At all times herein relevant plaintiff, Muriel Larkins, has been a resident of the County of Monroe and State of New York.

2. That at all times herein relevant, defendant, WALMART INC., was a corporation company conducting business in the State of New York.

3. That at all times herein relevant, defendant, WALMART, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

4. That at all times herein relevant, defendant, WALMART, INC., committed a tortious act within the State of New York.

5. That at all times herein relevant, defendant, WALMART, INC., committed a tortious act within the State of New York causing injury to person or property within the State of New York.

6. That at all times herein relevant, defendant, WALMART, INC., owns, uses or possesses real property situated within the State of New York.

7. That by virtue of the allegations above, defendant, WALMART, INC., is subject to the laws of the State of New York.

8. At all times hereinafter mentioned, defendant, WALMART, INC., has been the owner of a certain premises located at 2150 Chili Avenue Rochester, NY 14624.

9. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees managed the aforesaid premises.

10. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees maintained the aforesaid premises.

11. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees controlled the aforesaid premises.

12. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees operated the aforesaid premises.

13. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees supervised the aforesaid premises.

14. At all times hereinafter mentioned, defendant, WALMART, INC., by its agents, servants and/or employees inspected the aforesaid premises.

15. At all times herein mentioned, it was the duty of the defendant, WALMART, INC., to maintain the premises mentioned in Paragraph 8 above in a reasonably safe and suitable condition for tenants, patrons and guests.

16. On November 11, 2022, plaintiff, Muriel Larkins, was lawfully on the premises mentioned in Paragraph 8 above.

17. On November 11, 2022, plaintiff, Muriel Larkins, was caused to fall on the premises mentioned in Paragraph 8 above thereby sustaining injuries and damages as hereinafter alleged.

18. Plaintiff, Muriel Larkins's, injuries and damages referred to herein were caused by defendant, WALMART, INC., negligence by creating and permitting a dangerous condition within defendant's premises, which the defendant knew, or should have known, existed and continued to exist within said premises and/or by failing to warn plaintiff, Muriel Larkins, of said dangerous condition.

19. The aforementioned incident occurred solely as a result of defendant, WALMART, INC., negligence without any negligence attributable in any measure to plaintiff, Muriel Larkins.

20. As a result of the negligence of the defendant, WALMART, INC., as alleged above, plaintiff, Muriel Larkins, was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

**WHEREFORE**, plaintiff, Muriel Larkins, demands judgment against defendant, WALMART, INC., jointly and severally, in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts and plaintiff, Muriel Larkins, demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED: Rochester, New York

October 30, 2024

**JOHN WRIGHT LAW FIRM, PLLC.**

By: John K. Wright

John K. Wright, Esq.
Attorneys for Plaintiff
16 W. Main Street, Suite 700
Rochester, NY 14614-1605
(585) 632-2222